IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re:
:
THOMAS E. NOBLE, : Misc. Action No. 17-358-RGA
:
    Movant. :

---

THOMAS E. NOBLE, :
:
    Petitioner, :
v. :
:
CHIEF JUDGE LEONARD STARK, :
:
    Respondent. :

**MEMORANDUM**

1.   **Introduction**. Movant Thomas A. Noble ("movant"), a *pro se* litigant incarcerated at the Howard R. Young Correctional Institution in Wilmington, Delaware, has engaged in filing numerous lawsuits that contain frivolous legal arguments that are vexatious and abuse the judicial process.[1] On September 13, 2004, United States District Judge Kent A. Jordan[2] entered an order enjoining Movant from filing any *pro se* civil rights complaints without prior approval of the Court. See *Noble v. Becker,* Civ. No. 03-906-KAJ, D.I. 12. In *Noble v. Becker*, Civ. No. 03-906-KAJ, movant was given notice to show cause why injunctive relief should not issue, see *Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987); he responded to the show cause order, but "did not

---

[1]The United States Court of Appeals for the Third Circuit has described Movant as a serial litigator, filing over five dozen lawsuits in federal district courts, including over 30 complaints in this District Court. *In re Noble*, 663 F. App'x 188, 189 (3d Cir. 2016).

[2]In 2006, Judge Jordan was elevated to the United States Court of Appeals for the Third Circuit.

show cause" why the order should not be entered (see Civ. No. 03-906-KAJ, D.I. 7 and D.I. 12 at 4). The barring order issued, and Movant did not appeal. In 2016, Movant sought mandamus relief to vacate the filing injunction and, when it was denied, appealed to the Third Circuit. On October 6, 2016, the Third Circuit held that Movant was not entitled to mandamus relief vacating the district court's filing injunction, and he was not entitled to writ of mandamus for review of the district court's enforcement of the filing injunction. In re Noble, 663 F. App'x at 190.

2. **Discussion**. Movant requests leave to file a petition against Chief Judge Leonard Stark. (D.I. 1). In the petition he moves to reopen and transfer to a district court not in the jurisdiction of the Third Circuit, Noble v. State of Delaware, Civ. No. 17-353-LPS (D. Del. 2017), a case dismissed on November 7, 2017. (See id. at D.I. 34, 35). A motion for reconsideration filed in Civ. No. 17-353-LPS, has been denied. (See id. at D.I. 42, 43). Movant filed a similar petition in the Third Circuit on December 12, 2017, docketed as a petition for writ of mandamus, In re Noble, No. 17-3814 (3d Cir.). In this case and in No. 17-3814, Movant filed similar motions to proceed in forma pauperis, for copy work, and for leave to file only copy of his documents.

3. Movant contends leave to file is appropriate because throughout the years this District Court and the Third Circuit have colluded to serially effectively rob Movant of all his rights, this District Court has not addressed issues he has raised, and he disagrees with court rulings, Judge Stark has "obstructed justice and filed falsified documents in a ministerial non-judicial capacity" and Movant needs to add him as a defendant, and Judge Stark and other judges in this District Court and the Third Circuit

2

have serially colluded with State employees to effectively abet the countless ongoing felony crimes against Movant.

4. It is evident that Movant petitions for leave to file a new proceeding (which is construed as alleging civil rights violations) because he is unhappy with rulings from various judges in this District, including the recent rulings made by Judge Stark in Civ. No. 17-353-LPS, and apparently believes he will receive a more favorable ruling if Civ. No. 17-353-LPS is heard in a different district court. Movant, however, petitions to reopen and transfer a case that has been dismissed and reconsideration has been denied. Should he choose to file an appeal, Movant may seek relief from the Third Circuit for appellate review. Finally, Movant has filed duplicative pleadings and seeks the same or similar relief from the Third Circuit in No. 17-3814, which is now considering the matter. As Judge Jordan stated, "[w]hen reviewing Noble's complaint history, a pattern becomes clear. After the dismissal of his claims, rather than file an appeal as required by the Federal Rules of Civil and Appellate Procedure, Noble simply files new lawsuits and demands further review." *In re Noble*, 663 Fed. App'x at 189. It is evident that Movant continues to litigate in the same manner as described by Judge Jordan.

5. **Conclusion**. Therefore, in accordance with Judge Jordan's September 13, 2004 order that enjoins Movant from filing new cases, Movant's motion for leave to file a petition (D.I. 1) will be denied and all other motions will be dismissed as moot (D.I. 2, 4, 5). *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (the court has inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."). A separate order shall issue.