IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re:
:
THOMAS E. NOBLE, : Misc. Action No. 17-358-RGA
:
    Movant. :
:

THOMAS E. NOBLE, :
:
    Petitioner, :
v. :
:
CHIEF JUDGE LEONARD STARK, :
:
    Respondent. :

## MEMORANDUM

1. **Introduction.** On December 28, 2017, Movant Thomas E. Noble, a former inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware, now housed at FDC Philadelphia in Philadelphia, Pennsylvania, filed a motion for leave to file a new complaint. Noble must seek leave as a result of an order entered on September 13, 2004, by former United States District Court Judge Kent A. Jordan enjoining him from filing any *pro se* civil rights complaints without prior approval of the Court.[1] *See Noble v. Becker*, Civ. No. 03-906-KAJ, D.I. 12. After reviewing Noble's motion and proposed complaint, on January 9, 2018, I denied his motion for leave to file a new complaint. (D.I. 6, 7). Noble moves for reconsideration and has also filed a

---

[1] As noted by the United States Court of Appeals for the Third Circuit, Noble "is a serial litigator. He has filed over five dozen lawsuits in federal district courts, including over 30 complaints in the United States District Court for the District of Delaware." *In re Noble*, 663 F. App'x 188, 189 (3d Cir. 2016).

motion to correct the record, and a motion to file only one copy of documents. (D.I. 8, 9, 10).

2. **Motion for Reconsideration**. Noble moves for reconsideration and asks that the matter be adjudicated by an impartial judge at a district court designated by the United States Supreme Court because the "Illuminati" controls this Court, the United States Court of Appeals for the Third Circuit, and other District Courts in the Third Circuit. (D.I. 8). Noble contends that the judges "have been unilaterally colluding continuously with the States of Delaware and Pennsylvania since 1982 to effectively deprive [him] of all rights [he] could be said to possess by unconstitutionally robbing [him] of [his] right to be heard by an impartial court to uphold those rights." (*Id.*).

3. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

4. Noble argues that reconsideration is appropriate because it is apparent when reviewing his proposed complaint there has been collusion and other egregious violations of his rights, all of which evince an ongoing pattern of racketeering activity. Noble's displeasure with this Court's ruling and claim of impartiality does not meet the requisites for reconsideration. Noble's motion fails on the merits because he has not set forth any intervening changes in the controlling law; new evidence; or clear errors of law or fact made by the Court in its January 11, 2018 order that would warrant granting

reconsideration. *See Max's Seafood Café*, 176 F.3d at 677. In addition, the Court has once again reviewed and considered his filings. Noble has failed to demonstrate any of the aforementioned grounds to warrant a reconsideration and, therefore, the motion will be denied. (D.I. 8)

5. **Conclusion**. The Court will deny the motion for reconsideration. (D.I. 8) Noble's other motions (D.I. 9, 10) will be dismissed as moot. An appropriate order will be entered.

*Richard G Andrews*
UNITED STATES DISTRICT JUDGE