IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| THOMAS E. NOBLE, | : Misc. Action No. 17-358-RGA |
| Movant. | : |

| | |
|---|---|
| THOMAS E. NOBLE, | : |
| Petitioner, | : |
| v. | : |
| CHIEF JUDGE LEONARD STARK, | : |
| Respondent. | : |

**MEMORANDUM**

1. **Introduction.** Movant Thomas A. Noble ("Movant"), a *pro se* litigant incarcerated at FDC Philadelphia, in Philadelphia, Pennsylvania, sought leave to file a new complaint as required by an order enjoining him from filing any *pro se* civil rights complaints without prior approval of this Court. See *Noble v. Becker,* Civ. No. 03-906-KAJ, D.I. 12. On January 9, 2018, I denied Movant leave to file a new complaint. (D.I. 6, 7). Movant then filed for reconsideration, and I denied his motion. (D.I. 13, 14). Movant has now filed a motion to stay and vacate the order and to enjoin me from further adjudicating the case. (D.I. 15). While not stated specifically, he seeks my recusal.

2. **Discussion.** Movant contends that neither I, nor any judge in the District of Delaware, or any judge under the jurisdiction of United States Court of Appeals for the Third Circuit, can ethically adjudicate the case. Movant alleges that I have a

conflict, I have lied to cover up for Judge Stark, and I have wrongly categorized the case. Movant also contends that the order enjoining him from filing civil rights cases without prior permission is unconstitutional and was not served upon him.

3. A judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

4. Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

5. Movant takes exception to this Court's judicial rulings. This serves as his only basis to seek recusal. A reasonable, well-informed observer could not believe that the rulings were based on impartiality, bias, or actual prejudice by the undersigned. Nor do my rulings demonstrate the Court acting in such manner when ruling in the cases wherein Movant is a party. After careful and deliberate consideration, I have

2

concluded that the Court has no actual bias or prejudice towards Movant and that a reasonable, well-informed observer would not question the Court's impartiality. In light of the foregoing standard and after considering Movant's assertions, the undersigned concludes that there are no grounds for recusal under 28 U.S.C. § 455.

6. Finally, a stay is not warranted and there is no basis to vacate orders entered in this matter.

7. **Conclusion**. For the above reasons, the Court will deny Movant's motion to stay, vacate the order, and to enjoin. (D.I. 15). An appropriate order will be entered.